UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------- X
In re:                                                       :    Chapter 11
                                                             :
M. FABRIKANT & SONS, INC. and                                :    Case No. 06-12737 (SMB)
FABRIKANT – LEER INTERNATIONAL, LTD.,                        :
                                                             :    (Jointly Administered)
                      Debtors.                               :
                                                             :
----------------------------------------------------------- X
BUCHWALD CAPITAL ADVISORS LLC, AS                            :
TRUSTEE OF THE GUC TRUST,                                    :
                                                             :    Adv. Pro. No. 08-01736 (SMB)
                      Plaintiff,                             :
                                                             :
              v.                                             :    DEFAULT JUDGMENT
                                                             :
CRP JEWELLERY (THAILAND) LTD.,                               :
                                                             :
                      Defendant.                             :
                                                             :
----------------------------------------------------------- X
```

Upon the motion (the "Motion")[1] of Buchwald Capital Advisors LLC, the trustee of the

GUC Trust ("Plaintiff") established in the above-captioned cases of M. Fabrikant & Sons, Inc.

("MFS") and Fabrikant-Leer International, Ltd. ("FLI", and together with MFS, the "Debtors"),

for entry of a default judgment against CRP Jewellery (Thailand) Ltd. ("Defendant") pursuant to

Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable

herein by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 7055-2 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Bankruptcy Rules"), as more fully set forth in the Motion and the Caruso Affidavit; and

after considering the papers submitted in connection with the Motion, the papers on file in this

action, and the evidence offered at the hearing (if any) on the Motion, the Court find as follows:

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

1. A default was entered against Defendant on December 21, 2009.

2. Defendant is not a minor, an incompetent person, or a current member of the military service.

3. Defendant did not appear in this action.

4. Defendant was duly served with the Motion by Notice of Presentment of Default Judgment.

5. Plaintiff has established that (i) the transfers made by the Debtors to Defendant within one (1) year immediately preceding the Petition Date, as set forth in the Complaint, must be avoided pursuant to sections 547 and 548 of the Bankruptcy Code, (ii) Defendant must return such transfers to Plaintiff pursuant to section 550 of the Bankruptcy Code, and (iii) until such transfers are returned, the CRP Thailand Claims (as defined in the Complaint) must be disallowed pursuant to section 502(d) of the Bankruptcy Code.

THEREFORE, IT IS ORDERED that:

1. Default judgment be entered against Defendant as follows:

    (a) The transfers made by the Debtors to Defendant within one (1) year immediately preceding the Petition Date, as set forth in the Complaint, are avoided pursuant to sections 547 and 548 of the Bankruptcy Code;

    (b) Defendant shall return such transfers to Plaintiff pursuant to section 550 of the Bankruptcy Code;

    (c) Until such transfers are returned, the CRP Thailand Claims (as defined in the Complaint) are disallowed pursuant to section 502(d) of the Bankruptcy Code;

    (d) Plaintiff shall not be required to reserve from any distributions any amount on account of the CRP Thailand Claims (as defined in the Complaint); and

    (e) Defendant shall pay Plaintiff its attorneys' fees, costs and other expenses incurred in bringing this action in the aggregate amount of $9,000.00.

2.       This judgment shall bear interest at the judgment rate from the date of entry until paid.

3.       All relief not expressly granted is denied.

Dated: New York, New York
       January __, 2010

_____
HONORABLE STUART M. BERNSTEIN
Chief United States Bankruptcy Judge

MEMO ENDORSED

The application to enter this default judgment is denied. First, the defendant filed an opposition to the original motion to enter a default judgment, and the Court treats this as an answer, at least in the absence of a motion to strike. Second, the plaintiff seeks $9,000 without any legal basis or factual proof.

So ordered: 1/22/10

Smß
USBJ